UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOPCO GROUP HOLDINGS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN D. WERNER, D.O., <br><br> Defendant. | Case No.  1:20-cv-01221-UNA |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

## ANSWER

Defendant Steven D. Werner ("Dr. Werner" or "Defendant"), by and through undersigned counsel, hereby submits his Answer ("Answer") to the Complaint filed by Plaintiff HOPCo Group Holdings, L.P. ("Group Holdings" or "Plaintiff") on September 14, 2020 ("Complaint"):

## NATURE OF ACTION

1. Dr. Werner admits Group Holdings brings this action against Dr. Werner, alleging that Dr. Werner breached a Rollover Agreement entered into on July 18, 2019 ("Rollover Agreement"), but denies that he breached the Rollover Agreement.

2. Dr. Werner admits he entered into the Rollover Agreement in July 2019 in connection with a Merger Agreement and Transaction between the Center for Orthopedic and Research Excellence, Inc. d/b/a Healthcare Outcomes Performance Company ("HOPCo"), HOPCo's shareholders, Plaintiff and HOPCo Intermediate Holdings, Inc. Dr.

1

Werner also admits he rolled over his stock proceeds in connection with this merger. Dr. Werner denies the remaining allegations in Paragraph 2 and affirmatively alleges that he entered into the Rollover Agreement in order to continue his employment with Center for Orthopedic Research and Education, Inc. ("CORE").

3. Answering Paragraph 3 of the Complaint, Dr. Werner states he submitted his resignation from CORE by email on May 28, 2020. Dr. Werner affirmatively alleges that he also gave his resignation by telephone to The Core Institute Chief Executive Officer David Jacofsky by telephone. As to the remaining allegations in Paragraph 3, Dr. Werner lacks sufficient information to form a belief as to the truth or falsity of these allegations and therefore denies them.

4. Dr. Werner admits that he rolled over his stock proceeds to purchase units in Group Holdings. Dr. Werner further admits that the Rollover Agreement contains some, but not all, of the quoted text contained in Paragraph 4 of the Complaint. Dr. Werner denies that the quoted text (or any other text in Section 7.3.1 of the Rollover Agreement that purports restrict Dr. Werner's ability to practice medicine) is reasonable or enforceable under Arizona or Delaware law.

5. Dr. Werner denies the allegations of Paragraph 5 of the Complaint.

6. Dr. Werner denies the allegations of Paragraph 6 of the Complaint.

7. Dr. Werner denies the allegations of Paragraph 7 of the Complaint.

## THE PARTIES

8. Dr. Werner admits the allegations of Paragraph 8 of the Complaint.

9. Dr. Werner admits the allegations of Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Werner denies the allegations of Paragraph 10 of the Complaint.

11. The first clause of Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Dr. Werner denies the allegation. Answering the second clause of Paragraph 11 of the Complaint, Dr. Werner admits the Rollover Agreement contains the quoted text. Except as expressly admitted, Dr. Werner denies the allegations in the second clause of Paragraph 11.

12. The allegations of Paragraph 12 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Werner denies this allegation in Paragraph 12 of the Complaint.

## FACTUAL BACKGROUND

13. Dr. Werner lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint and therefore denies them.

14. Dr. Werner admits CORE operates numerous locations across Arizona as well as Michigan. Dr. Werner lacks sufficient information to form a belief as to the truth or falsity of the rest of the allegations of Paragraph 14 of the Complaint and therefore denies them.

15. Dr. Werner admits he became an employee of CORE in July 2011 and that he became a stockholder on September 19, 2013. Except as expressly admitted, Dr. Werner denies the allegations of Paragraph 15 of the Complaint.

16. Dr. Werner lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint and therefore denies them.

17. Dr. Werner lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 17 of the Complaint and therefore denies them.

18. Dr. Werner admits the allegations of Paragraph 18 of the Complaint.

19. Dr. Werner admits he entered into the Rollover Agreement, but affirmatively alleges that he did so in order to continue his employment with CORE. Dr. Werner lacks sufficient information to form a belief as to the truth or falsity of the rest of the allegations of Paragraph 19 of the Complaint and therefore denies them.

20. Dr. Werner admits the allegations of Paragraph 20 of the Complaint, but affirmatively alleges that he entered into the Rollover Agreement in order to continue his employment with CORE.

21. Dr. Werner admits he rolled over $187,714.01 of the $198,292.38 in stock proceeds to purchase partnership units in Group Holdings. As to the allegation that numerous other stockholders rolled over their proceeds from the Merger to purchase partnership units in Group Holdings, Dr. Werner lacks sufficient information to form a belief as to the truth or falsity of this allegation contained in Paragraph 21 of the Complaint, and therefore denies it. Dr. Werner denies the remaining allegations in Paragraph 21 of the Complaint.

22. Dr. Werner admits he entered into the Rollover Agreement, but denies the remaining allegations in Paragraph 22 of the Complaint.

23. Answering the first clause of the Paragraph 23 of the Complaint, Dr. Werner admits the Rollover Agreement contains the quoted text, except that which is included in brackets. Except as expressly admitted, Dr. Werner denies the allegations contained in the first clause of Paragraph 23 of the Complaint. Answering the second clause, first bullet point, of Paragraph 23 of the Complaint, Dr. Werner admits the Rollover Agreement contains the quoted text, except that which is included in brackets, but denies that the quoted texted (or any other text contained in the second clause, first bullet point, of Paragraph 23 of the Complaint that purports to be part of the agreement) is enforceable under Arizona or Delaware law. Except as expressly admitted, Dr. Werner denies the allegations of the second clause, first bullet point, of Paragraph 23 of the Complaint. Answering the second clause, second bullet point, of Paragraph 23 of the Complaint, Dr. Werner admits the Rollover Agreement contains some, but not all, of the quoted language contained in the second clause, second bullet point, of Paragraph 23 of the Complaint, and denies that the Rollover Agreement purports to limit Dr. Werner's ability to practice medicine for "three-year[s]." Except as expressly admitted, Dr. Werner denies the allegations of the second clause, second bullet point, of Paragraph 23 of the Complaint. Answering the second clause, third bullet point, of Paragraph 23 of the Complaint, Dr. Werner admits the Rollover Agreement contains the quoted text. Except as expressly admitted, Dr. Werner denies the allegations of the second clause, third bullet point, of Paragraph 23 of the Complaint.

24. Dr. Werner admits the Rollover Agreement contains the quoted text, except that which is included in brackets. Except as expressly admitted, Dr. Werner denies the allegations of Paragraph 24 of the Complaint.

25. Answering Paragraph 25 of the Complaint, Dr. Werner admits that he did not disclose his future employment plans in his May 28, 2020 email resignation notice but states that he fully disclosed such plans to David Jacofsky, the Chief Executive Officer of The Core Institute, shortly thereafter.

26. Dr. Werner admits the allegations of Paragraph 26 of the Complaint.

27. Answering Paragraph 27 of the Complaint, Dr. Werner admits HOPCo communicated with him regarding what it alleged to be his continuing obligations to HOPCo pursuant to the Rollover Agreement but lacks sufficient information to form a belief as to the truth or falsity of the June 2, 2020 date alleged in the Complaint and therefore denies the allegations contained in Paragraph 27.

28. Answering Paragraph 28 of the Complaint Dr. Werner's official start date at HonorHealth was August 3, 2020.

29. Dr. Werner admits the allegations of Paragraph 29 of the Complaint.

30. Dr. Werner lacks sufficient information to form a belief as to the truth or falsity of the rest of the allegations of Paragraph 30 of the Complaint and therefore denies them.

31. Dr. Werner denies the allegations of Paragraph 31 of the Complaint.

## COUNT I: BREACH OF CONTRACT

## (Non-Competition Clause)

32. Answering Paragraph 32, Dr. Werner incorporates his answers to the prior allegations of the Complaint as though fully set forth herein.

33. Dr. Werner denies the allegations of Paragraph 33 of the Complaint.

34. Dr. Werner denies the allegations of Paragraph 34 of the Complaint.

35. Dr. Werner denies the allegations of Paragraph 35 of the Complaint.

## COUNT II: BREACH OF CONTRACT

## (No-Hire Clause)

36. Answering Paragraph 36, Dr. Werner incorporates his answers to the prior allegations of the Complaint as though fully set forth herein.

37. Dr. Werner denies the allegations of Paragraph 37 of the Complaint.

38. Dr. Werner denies the allegations of Paragraph 38 of the Complaint.

39. Dr. Werner denies the allegations of Paragraph 39 of the Complaint.

## COUNT III: BREACH OF CONTRACT

## (Confidentiality Clause)

40. Answering Paragraph 40, Dr. Werner incorporates his answers to the prior allegations of the Complaint as though fully set forth herein.

41. Answering Paragraph 41 of the Complaint, as to the allegations contained in the first sentence of Paragraph 41, Dr. Werner denies that he breached Section 7.1 of the Rollover Agreement. As to the allegations contained in the second sentence of Paragraph 41 of the Complaint, Dr. Werner currently lacks sufficient information to form

a belief as to the truth or falsity of these allegations and therefore denies them. As to the allegations of the third sentence of Paragraph 41 of the Complaint, Dr. Werner denies them.

42. Dr. Werner denies the allegations of Paragraph 42 of the Complaint.

43. Dr. Werner denies the allegations of Paragraph 43 of the Complaint.

## COUNT IV: BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

44. Answering Paragraph 44, Dr. Werner incorporates his answers to the prior allegations of the Complaint as though fully set forth herein.

45. Dr. Werner denies the allegations of Paragraph 45 of the Complaint.

46. Dr. Werner denies the allegations of Paragraph 46 of the Complaint.

## General Denial

47. Dr. Werner denies each and every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

48. One or more of Plaintiff's claims fail to state a claim upon which relief can be granted.

49. One or more of Plaintiff's claims are barred in whole or in part by Plaintiff's prior material breaches of their contracts with Dr. Werner.

50. The contract provisions at issue are unreasonably overbroad and unenforceable under Arizona law and, to the extent it applies, Delaware law. By way of

example only, the Rollover Agreement's covenant not to compete is unenforceable per Arizona's public policy effectively barring all physician non-competes.

51. Plaintiff failed to mitigate damages.

52. Some or all of Plaintiff's claims are barred by the economic loss rule.

53. Dr. Werner alleges that the doctrine of comparative fault and related principles bar Plaintiff's claims in whole or in part.

54. One or more of Plaintiff's claims are barred by the doctrine of unclean hands.

55. One or more of Plaintiff's claims are barred by the doctrine of illegality.

56. Discovery has not yet begun in this matter; Dr. Werner requests leave of the Court to amend this Answer if and when facts identified through the course of ongoing discovery reveal a basis for pleading any defense that Rule 8(c) of the Federal Rules of Civil Procedure, requires to be pleaded affirmatively.

**WHEREFORE**, Dr. Werner fully answered the Complaint, prays for the following:

A. That the Complaint against Dr. Werner be dismissed, with prejudice, with Plaintiff's to take nothing thereby;

B. For Dr. Werner's costs and attorneys' fees incurred herein to the maximum extent authorized by Section 7.8.3 of the Rollover Agreement, A.R.S. §§ 12-341 and 12-341.01, *et. seq.*, or any other applicable rule or law, together with interest thereon at the highest rate provided by law from the date of entry of judgment until fully paid; and

For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterplaintiff Steven Douglas Werner ("Dr. Werner" or "Counterplaintiff"), by and through his undersigned counsel, for his Counterclaim against Counterdefendant HOPCo Group Holdings LP ("HOPCo" or "Counterdefendant"), alleges as follows:

### I.

### INTRODUCTION

1. Counterplaintiff Dr. Steven Douglas Werner is an orthopedic adult reconstruction and acute orthopedic injury surgeon who works for HonorHealth in Phoenix. Amidst the ongoing national medical emergency that is the COVID-19 pandemic, Dr. Werner performs joint replacement surgery and acute orthopedic injury surgery primarily at HonorHealth Sonora Crossing Medical Center and HonorHealth Deer Valley Medical Center. Dr. Werner was formerly employed by Center for Orthopedic Research and Education ("CORE") and signed a number of agreements with various HOPCo/CORE entities that contain egregiously overbroad and conflicting non-compete covenants. Dr. Werner submitted his resignation from CORE on May 28, 2020. During the sixty (60) day notice period following Dr. Werner' resignation, HOPCo threatened to sue Dr. Werner to enforce various provisions in his employment agreements if he accepted this new position. Now, following Dr. Werner' departure from HOPCo/CORE, HOPCo has filed both this lawsuit in Delaware and related HOPCo/CORE entities have filed two separate lawsuits against Dr. Werner in Maricopa County (Arizona) Superior Court. Both in this lawsuit and in the Arizona lawsuits, HOPCo and CORE have sued Dr. Werner in the midst of the

COVID-19 pandemic claiming that he has breached various overbroad, overlapping and conflicting covenants not to compete. These claims have been asserted despite Arizona's strong public policy against physician non-compete covenants, which policy has become only more critical as the State of Arizona, the country and the world grapple with the ongoing COVID-19 pandemic. This Counterclaim seeks a declaratory judgment that the non-compete covenant cited by HOPCo in its Delaware Complaint is overbroad and unenforceable under Arizona law and, if applicable, Delaware law as well.

## II.
## THE PARTIES, JURISDICTION, AND VENUE

2. At all times relevant to the claims set forth in this amended complaint, Dr. Werner was and is a resident of Maricopa County, Arizona.

3. Upon information and belief, HOPCo is a Delaware limited partnership.

## III.
## GENERAL ALLEGATIONS

4. Dr. Werner is an Arizona-licensed physician who is only licensed to practice medicine in Arizona.

5. In July of 2011, Dr. Werner began working for Center for Orthopedic Research and Education Institute ("CORE") in Phoenix, Arizona.

6. In July 2019, CORE became a wholly owned subsidiary of HOPCo Intermediate Holdings, Inc. ("Intermediate Holdings"), which in turn became a wholly-owned subsidiary of HOPCo.

7. In order to continue his employment at CORE in Phoenix, Arizona, Dr. Werner was required to sign a rollover agreement in connection with his stock ownership

(the "Rollover Agreement").  A true and correct copy of the Rollover Agreement is attached as Exhibit "A" hereto.

8. The Rollover Agreement, which Dr. Werner negotiated and signed in Arizona, included an egregiously overbroad non-compete covenant purporting to restrict Dr. Werner's options for practicing medicine upon termination of the contract.

9. Specifically, Section 7.3.1 of the Rollover Agreement prohibits Dr. Werner from "providing medical services" for a period of 12-months within a "twenty five (25) mile radius of any facility owned or managed by [HOPCo] or any of its Subsidiaries." ("Physician Non-Compete Agreement"). [Rollover Agreement (Exh. A), § 7.3.1]

10. On May 28, 2020, Dr. Werner resigned from CORE, and on August 3, 2020, Dr. Werner began working as an orthopedic surgeon with HonorHealth in Phoenix, Arizona.

11. Section 7.3 of the Rollover Agreement states that the purpose of the Physician Non-Compete Agreement is to protect against the disclosure of confidential information, trade secrets, and other proprietary information, and to protect against the poaching of "business partners" to which Dr. Werner was purportedly introduced during the course of his employment.  [Rollover Agreement (Exh. A), § 7.3]

12. However, Section 7.1 of the Rollover Agreement already protects the confidential information, trade secrets, and/or other intellectual property to which Dr. Werner may have been exposed during the course of his employment, and Section 7.2 provides additional protection against the disclosure of company documents. [Rollover Agreement (Exh. A), § 7.1]

13. Moreover, Section 7.3.2 contains an anti-piracy or hands off agreement designed to protect against the solicitation of clients, business partners, and to protect

goodwill. [Rollover Agreement (Exh. A), § 7.3.2]

14. On or about July 18, 2019, Dr. Werner signed a Merger Agreement and Transaction between HOPCo, HOPCo's shareholders -- including Dr. Werner, HOPCo Intermediate Holdings, and Counterdefendant HOPCo. The Merger Agreement includes a separately executed Restrictive Covenant Agreement. The Merger Agreement and Transaction and the Restrictive Covenant Agreement are collectively referred to as "the Merger Agreement" in this Counterclaim.

15. The Merger Agreement, specifically the Restrictive Covenant Agreement associated therewith, contains two additional non-compete covenants: a restriction not to participate in a "Competing Business" and a separate restriction on the practice of medicine. The restriction on the practice of medicine is for a period of two to three years (depending on the amount of proceeds received by the Restricted Party) and with a 25-mile geographic radius. The scope of the covenant not to participate in a Competing Business is even more breathtaking. There the restriction is for two to three years (based on proceeds received by the Restricted Party) and a geographic area that includes the entire city of Phoenix, the State of Arizona, the Southwestern Region of the United States, and even the entire United States.

16. In connection with the July 18, 2019 merger and corporate restructuring transaction, Dr. Werner entered into the Rollover Agreement with Counterdefendant HOPCo.

17. As discussed *supra* at Paragraph 9 of this Counterclaim, the Rollover Agreement, which purports to be governed by Delaware law, [*see* Rollover Agreement (Exh. A) § 11.1], contains yet another non-compete covenant (*i.e.* the Physician Non-Compete Agreement), this one an overly broad restraint on Dr. Werner's right to practice

medicine; purporting to bar him from "provid[ing] medical services" within "a twenty-five (25) mile radius of any facility" owned by HOPCo. It is only this non-compete that HOPCo is attempting to enforce in this lawsuit.

18. As advertised on CORE's website https://thecoreinstitute.com/locations/ HOPCo has offices at the following locations:

> Brighton Clinic
> 8273 Grand River Ave.
> Suite 210
> Brighton, MI 48114
>
> Brighton Physical Therapy
> 8273 Grand River Ave.
> Suite 210
> Brighton, MI 48114
>
> Brighton Spine Center
> 8273 Grand River Ave.
> Suite 210
> Brighton, MI 48114
>
> Gilbert Clinic
> 3420 S. Mercy Rd.
> Suite 200
> Gilbert, AZ 85297
>
> Gilbert Physical Therapy
> 3420 S. Mercy Rd.
> Suite 201
> Gilbert, AZ 85297
>
> Gilbert Spine Center
> 2680 S. Val Vista Drive
> Bldg. 9 Suite 146
> Gilbert, AZ 85295

> Scottsdale Spine Center
> 8952 E Desert Cove Ave.
> Suite 113
> Scottsdale, AZ 85260
>
> Southfield Clinic
> 22250 Providence Dr.
> Suite 401
> Southfield, MI 48075
>
> Southfield Physical Therapy
> 22250 Providence Dr.
> Suite 405
> Southfield, MI 48075
>
> Sun City West 120 Clinic
> 14520 W. Granite Valley Dr.
> Suite 120
> Sun City West, AZ 85375
>
> Sun City West 210 Clinic
> 14520 W. Granite Valley Dr.
> Suite 210
> Sun City West, AZ 85375
>
> Sun City West Physical Therapy
> 14520 W. Granite Valley Dr.
> Suite 110
> Sun City West, AZ 85375

Mesa Clinic
1500 S Dobson Rd
Suite 202
Mesa, AZ 85202

Mesa Physical Therapy
1500 S. Dobson Rd., Suite 201
Mesa, AZ 85202

North Phoenix Clinic
18444 N. 25th Ave.
Suite 210
Phoenix, AZ 85023

North Phoenix Physical Therapy
18444 N. 25th Ave.
Suite 220
Phoenix, AZ 85023

Novi Clinic
26750 Providence Pkwy
Suite 200
Novi, MI 48374

Novi Physical Therapy
26750 Providence Pkwy
Suite 240
Novi, MI 48374

Peoria Clinic
10494 W. Thunderbird Blvd.
Suite 102
Sun City, AZ 85351

Peoria Lakes Club Clinic
10484 W Thunderbird Blvd
Suite 100
Sun City, AZ 85351

Sun City West Spine Center
14520 W. Granite Valley Dr.
Suite 120
Sun City West, AZ 85375

Surprise Physical Therapy
13995 W. Statler Blvd. Suite 165
Surprise, AZ 85374

West Phoenix Clinic
9321 W Thomas Rd.
Suite 205
Phoenix, AZ 85037

West Phoenix Physical Therapy
9321 W Thomas Rd.
Suite 305
Phoenix, AZ 85037

Peoria Physical Therapy
10494 W. Thunderbird Blvd.
Suite 102
Sun City, AZ 85351

Peoria Spine Center
10494 W. Thunderbird Blvd.
Suite 108
Sun City, AZ 85351

Scottsdale Clinic
8952 E Desert Cove Ave
Suite 113
Scottsdale, AZ 85260

19. Dr. Werner repeats and realleges the factual allegations contained in Paragraphs 1-18 of this Counterclaim as set forth above

20. Dr. Werner has never been licensed to practice medicine in Delaware.

21. Dr. Werner never practiced medicine in Delaware while employed by The Core Institute.

22. Dr. Werner was not licensed to practice medicine in Michigan while employed by The Core Institute.

23. Dr. Werner never practiced medicine in Michigan while employed by The Core Institute.

## IV.

## CLAIM FOR RELIEF

**(Declaratory Judgment)**

24. Dr. Werner incorporates by reference the prior allegations of this Counterclaim.

25. In *Valley Med. Specialists v. Farber*, 194 Ariz. 363, 369, 982 P.2d 1277, 1283 (1999), the Arizona Supreme Court held: *"[T]he doctor-patient relationship is*

*special and entitled to unique protection. It cannot be easily or accurately compared to relationships in the commercial context. In light of the great public policy interest involved in covenants not to compete between physicians*, each agreement will be strictly construed for reasonableness." (emphasis added). Here the Physician Non-Compete Agreement is clearly not reasonable and against public policy.

26.     Dr. Werner is entitled to a declaratory judgment that the Physician Non-Compete Agreement contained in the Rollover Agreement is unenforceable for a variety of reasons, including but not limited to: (i) novation, (ii) unclean hands, (iii) lack of any protectable interest on the part of the Counterdefendant to justify the sweepingly broad restrictions contained in the non-compete covenant that purports to bar Dr. Werner from practicing medicine in his chosen field of orthopedic adult reconstruction or acute orthopedic injury surgery, (iv) the fact that the non-compete covenant at issue is unreasonably overbroad with regard to their duration, their geographic scope and the scope of prohibited conduct, and (v) the non-compete covenant at issue in this case does not contain any exception permitting the practice of emergency medicine and therefore violate Arizona's public policy on this basis alone.

27.     There is a real and justiciable controversy regarding the reasonableness and enforceability of the non-compete covenant contained in the Rollover Agreement.

28.     There is a real and justiciable controversy regarding whether Dr. Werner is in breach of any enforceable non-compete covenant contained in the Rollover Agreement.

29.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights and obligations of the parties pursuant non-compete covenant contained in the Rollover Agreement.

WHEREFORE, Dr. Werner prays for relief against Defendants as follows:

A. For a declaratory judgment that the non-compete covenant contained in the Rollover Agreement is unreasonably overbroad and unenforceable;

B. For a declaratory judgment that Dr. Werner is not in breach of any enforceable non-compete covenant contained in the Rollover Agreement.

C. For an award of all costs and expenses incurred in connection with this action, including Plaintiff's reasonable attorneys' fees pursuant the fee-shifting clauses contained in Section 7.8.3 of the Rollover Agreement; and

D. Further relief as the Court deems just and proper.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Curtis J. Crowther*

Curtis J. Crowther (No. 3238)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6755
Email: ccrowther@ycst.com

- and -

OF COUNSEL:

David G. Bray
DICKINSON WRIGHT PLLC
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004-4568
Phone: (602) 285-5000
Fax: (844) 670-6009
dbray@dickinsonwright.com

*Attorneys for Defendant*

Dated: October 16, 2020